NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0686-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MICHAEL DANIELS,

 Defendant-Appellant.
____________________________

 Submitted March 30, 2017 – Decided May 18, 2017

 Before Judges Lihotz and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 10-
 03-0788.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Andrew J. Shaw, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Frank J.
 Ducoat, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM
 Defendant appeals the June 23, 2015 order denying his petition

for post-conviction relief (PCR) without an evidentiary hearing.

We affirm.

 On January 17, 2012, after a jury trial, defendant was

convicted of second-degree conspiracy to possess a controlled

dangerous substance (CDS), N.J.S.A. 2C:5-2 and 2C:35-10(a)(1);

third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1); third-

degree possession with intent to distribute, N.J.S.A. 2C:35-

5(a)(1) and 2C:35-5(b)(3); third-degree distribution near school

property, N.J.S.A. 2C:35-7; and second-degree possession within

500 feet of a public housing complex, N.J.S.A. 2C:2C:35-7.1.

Defendant was sentenced to seven years with a three and a half

year parole disqualifier. His conviction was affirmed on appeal.

The underlying facts supporting his convictions are outlined in

our per curiam opinion on direct appeal and need not be repeated

here. State v. Daniels, No. A-3227-11 (App. Div. Dec. 31, 2012).

 Defendant raised the denial of his motion for a mistrial in

his direct appeal. We were not persuaded a mistrial was mandated

because, even under the unusual circumstances, defendant was not

deprived of the opportunity to testify because of the inaccurate

judgment of conviction (JOC). Defendant also raised his trial

counsel's failure to discover the error as ineffective assistance,

an issue ordinarily preserved for PCR. We elected to consider the

 2 A-0686-15T2
claim because all the relevant facts necessary to consider the

arguments were in the record. We recite the facts surrounding

this issue.

 After trial summations, but before the jury was instructed,

defendant's attorney discovered the inaccuracy and moved for a

mistrial, arguing defendant's election not to testify was based

on the possibility the inaccurate JOC could be used to impeach

him. The trial judge immediately offered to re-open the case to

permit defendant to testify and proposed a jury instruction to

mitigate any perceived confusion that the re-opening of the

evidence might engender. Defendant rejected the offer. The judge

thereafter denied the motion for a mistrial. The case was

submitted to the jury, and following deliberations, defendant was

convicted.

 After reviewing the record, we were convinced defendant's

trial attorney was not deficient because he had a right to rely

on a certified judgment without double-checking it; therefore, his

reliance did not fall below accepted standards. We also said,

defendant suffered no prejudice because the trial judge approached

the error very indulgently and proposed a reasonable solution to

the problem, which defendant elected not to accept.

 On September 18, 2013, defendant filed a timely pro se PCR

petition. Counsel was assigned, and defendant filed an Amended

 3 A-0686-15T2
Verified Petition and Supplemental Certification. Defendant

asserted his trial counsel was ineffective because he did not

investigate the accuracy of defendant's prior criminal history as

reported in an earlier JOC until after summation, thus depriving

defendant of the opportunity to testify on his own behalf.

Defendant argued his appellate counsel was ineffective for raising

the same issue on direct appeal rather than preserving it for PCR.

 After hearing oral argument, the PCR judge denied defendant's

petition as procedurally barred by Rule 3:22-5, because

defendant's claim of ineffective assistance of trial counsel had

been adjudicated on the merits in the direct appeal. The PCR

judge also determined defendant's claim of ineffective assistance

of appellate counsel was without merit. This appeal followed.

 A court reviewing a PCR petition based on claims of

ineffective assistance of counsel should grant an evidentiary

hearing if a defendant establishes a prima facie showing in support

of the relief requested. State v. Preciose, 129 N.J. 451, 462

(1992). In order to establish a prima facie case of ineffective

assistance of counsel, a defendant must demonstrate the reasonable

likelihood that his claim will succeed on the merits. Id. at 464.

 To prevail on a claim of ineffective assistance of counsel,

defendant must meet a two-prong test. Defendant must first prove

(l) counsel's performance was deficient, and he or she made errors

 4 A-0686-15T2
that were so egregious that counsel was not functioning effectively

as guaranteed by the Sixth Amendment to the United States

Constitution. Strickland v. Washington, 466 U.S. 668, 687, 104

S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693, (1984); State v. Fritz,

105 N.J. 42, 52 (l987). The second prong requires defendant to

show (2) the defect in performance prejudiced defendant's rights

to a fair trial such that there exists a "reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, supra, 466

U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; Fritz, 105

N.J. 42, 52 (l987); Fritz, supra, 105 N.J. at 52-53.

 Defendant argues he elected not to testify at trial because

the State produced an inaccurate certified JOC indicating

defendant had a conviction for third-degree possession of CDS,

N.J.S.A. 2C:35-10(a)(1); however, his conviction was actually for

a disorderly persons offense. Defendant discussed this inaccuracy

with his trial counsel who did not investigate the issue.

Defendant argues but for the inaccurate JOC he would have testified

at trial.

 Defendant raised the same issue regarding trial counsel in

his PCR petition, and the PCR judge correctly considered the claim

against trial counsel as fully adjudicated and procedurally barred

under Rule 3:22-5. The judge also rejected defendant's alternative

 5 A-0686-15T2
argument his appellate counsel was ineffective because he raised

trial counsel's alleged ineffective performance on direct appeal.

Applying the Strickland-Fritz standard, the judge determined

appellate counsel's strategy decision to raise the issue on direct

appeal did not fall outside the range of competent legal

representation; thus, defendant could not establish a prima facie

claim of ineffective assistance of counsel. Having reviewed the

record and the PCR judge's determinations, we discern no reason

to disturb the court's determination to deny defendant's PCR

petition and deny an evidentiary hearing.

 Affirmed.

 6 A-0686-15T2